USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1544 NORMA I. ACEVEDO-VILLALOBOS, ET AL., Plaintiffs, Appellants, v. HON. RAFAEL HERNANDEZ, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., Senior U.S. District Judge] __________________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Jesus Hernandez-Sanchez, with whom Hernandez-Sanchez Law Firm was _______________________ __________________________ on brief for appellants. Fidel A. Sevillano Del Rio, Assistant United States Attorney, ____________________________ with whom Guillermo Gil, United States Attorney, Donnie R. Murray, ______________ _________________ Deputy Regional Counsel, United States Department of Housing and Urban Development, and Teresa Pombo, Chief Counsel, United States Department ____________ of Housing and Urban Development, were on brief for appellees, United States, et al. Vannessa Ramirez-Kausz, Assistant Solicitor General for the _______________________ Commonwealth of Puerto Rico, with whom Carlos Lugo-Fiol, Deputy _________________ Solicitor General, was on brief for appellee, Commonwealth. ____________________ April 28, 1994 ____________________ BOWNES, Senior Circuit Judge. This appeal raises a BOWNES, Senior Circuit Judge. ____________________ procedural question of first impression in our circuit: whether the dismissal of a complaint, which does not explicitly dismiss the action, constitutes a "final decision[]," and is therefore appealable under 28 U.S.C. 1291.1 We rule in the affirmative, holding that the plaintiffs had both the right to appeal from the judgment dismissing their complaint and the duty to do so in a timely manner. Because plaintiffs' appeal was not timely, we lack jurisdiction to review the dismissal of the complaint. Furthermore, we conclude that appellate jurisdiction is lacking over the district court's denial of plaintiffs' first motion for postjudgment relief, and that their second such motion was untimely, and therefore properly denied by the district court. Accordingly, we affirm. I. I. BACKGROUND BACKGROUND __________ Plaintiffs-appellants are, for the most part, former employees of the Puerto Rico Public Housing Administration (PRPHA). On May 2, 1992, PRPHA and the Commonwealth of Puerto Rico, acting through former governor Rafael Hernandez Colon, signed an agreement with representatives of the United States Department of Housing ____________________ 1. Section 1291 provides: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ." -2- 2 and Urban Development (HUD). Under the agreement, the Commonwealth and HUD agreed to take certain actions in order to expedite the privatization of the management of federally funded public housing projects in Puerto Rico, as well as the decentralization of PRPHA. The privatization provisions of the agreement are at the center of plaintiffs' claims. The agreement committed the Commonwealth to pursue, and HUD to support, a plan to privatize federally assisted housing projects by transferring the administration and maintenance of such projects to private contractors. As a result of this privatization, a sizeable percentage of PRPHA's employees would be laid off. The agreement between HUD and PRPHA briefly addresses the plight of PRPHA's employees in a cursory manner: The private management process may require the elimination of positions within the present structure of the PRPHA. Employees holding said positions will receive benefits as provided by law. HUD will provide federal funding for payment of their benefits resulting from the federally funded public housing program. The Commonwealth will fund costs ineligible for federal funding. Privatization Agreement, Art. I, 4. In addition, PRPHA agreed to encourage private contractors to employ displaced employees. Id. at 6b. Shortly thereafter, PRPHA ___ formulated a layoff plan to comply with the relevant provisions of Puerto Rico's Public Service Personnel Act, see ___ 3 L.P.R.A. 1336(6). A layoff plan was finalized in April -3- 3 1992, and the privatization agreement was set to go into effect on August 1. On June 26, 1992 letters were sent to PRPHA employees notifying them that, [s]ince you are one of the persons affected by layoffs, we notify you that owing to lack of work, we have no other alternative than to decree your layoff from public service effective July 31, 1992. We advise you of your right to present arguments or documentary evidence, if any[,] which you consider will benefit you, before the designated official. On July 15, 1992, plaintiffs filed an action in United States District Court for the District of Puerto Rico against various Commonwealth and federal agencies and officers,2 seeking injunctive, declaratory and monetary relief. Plaintiffs' constitutional claims against the state defendants are predicated upon 42 U.S.C. 1983, while their constitutional claims against the federal defendants are based on the doctrine set forth in Bivens v. Six Unknown ______ ___________ Named Agents, 403 U.S. 388 (1971). The major themes of _____________ plaintiffs' complaint are as follows. First, plaintiffs allege that the privatization agreement is invalid (and ____________________ 2. The defendants in this action fall into two groups: the United States of America, HUD, and various HUD officials (hereinafter, the "federal defendants"), and the former governor of Puerto Rico, PRPHA, and various PRPHA officials. (hereinafter, the "state defendants"). All of the individuals were sued in their official and personal capacities. -4- 4 consequently that the layoffs were illegal) because it was entered into in violation of both Puerto Rico and federal law, and that the various local and federal defendants acted ultra vires by signing the agreement. Accordingly, _____ _____ plaintiffs allege that the layoffs were illegal. Next, plaintiffs allege that they had a property interest in their jobs, and that they were deprived of this property interest without due process. Finally, plaintiffs maintain that a Puerto Rico official made derogatory comments about them in public, thereby depriving them of "liberty" without due process. On October 27, 1992, the state defendants moved to dismiss the complaint, or alternatively, for summary judgment, on a plethora of grounds including, but not limited to, the complaint's failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). Two ___ days later the state defendants moved to stay discovery pending the court's resolution of their dispositive motion. The court granted the requested stay. On January 15, 1993, the district court granted the state defendants' motion to dismiss. The court stated that "[p]laintiffs' complaint fails to provide the Court with a clear idea of the contours of their claims and also fails to provide appropriate support for their allegations." Gonzalez ________ v. Hernandez, No. 92-1972, slip op. at 4 (D.P.R. Jan. 15, _________ -5- 5 1993). According to the court, plaintiffs' complaint was "infected with conclusory allegations and unfounded accusations," id. at 5-6, and "insufficiently illustrate[d] ___ the essential nature of their claim[s]." Id. at 4. The ___ court dismissed plaintiffs' complaint in its entirety, stating: "The Court therefore ORDERS that defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is hereby GRANTED and that plaintiffs' complaint is hereby DISMISSED." Id. at 6. ___ On the same day the court entered judgment on a separate document, pursuant to Fed. R. Civ. P. 58 and 79(a), which stated as follows: "By virtue of the Opinion & Order of the Court, entered on this date, it is hereby ORDERED, ADJUDGED and DECREED that plaintiffs' complaint is DISMISSED." Plaintiffs filed two postjudgment motions for relief, both of which were denied. This appeal ensued. II. II. DISCUSSION DISCUSSION __________ In their notice of appeal filed May 14, 1993, plaintiffs list four decisions of the district court from which they appeal: (1) the judgment of January 15, 1993 dismissing the complaint, and the court's opinion and order of the same date; (2) the order of November 30, 1992 granting a stay of discovery; (3) the order of March 2, 1993 denying plaintiffs' first Rule 59(e) motion for reconsideration and -6- 6 to amend the complaint; and (4) the order of April 19, 1993 denying plaintiffs'secondRule 59(e)motionforreconsideration.3 A. Dismissal of the Complaint A. Dismissal of the Complaint __________________________ Under Fed. R. App. P. 4(a)(1), any party appealing from a judgment or order of the district court, where "the United States or an officer or agency thereof is a party," must file a notice of appeal within sixty days of the date of entry of the judgment or order. Timely filing of a notice of appeal is "mandatory and jurisdictional." Perez-Perez v. ___________ Popular Leasing Rental, Inc., 993 F.2d 281, 283 (1st Cir. _____________________________ ____________________ 3. The plaintiffs asserted, at oral argument before us, that the district court had dismissed only the state defendants' claims, leaving the federal defendants' claims unresolved. Thus, appellants argued, this court should remand the case to permit the district court to comply with Fed. R. Civ. P. 54(b) (where multiple claims or parties are involved court may direct entry of final judgment as to one or more but fewer than all the claims or parties). At no point did plaintiffs ever assert or suggest this contention before the district court, either in their motions for reconsideration or in any of their numerous other postjudgment filings. In all events, however, their belated contention, if not waived, is without merit. The district court unmistakably intended to dismiss the complaint in toto, pursuant to Fed. R. Civ. P. 12(b)(6), for __ ____ failure to state a cognizable cause of action. Its opinion and order is most reasonably read as having dismissed the entire complaint even though it adverts only to the motion to ______ _________ dismiss filed by the state defendants. Furthermore, the final judgment itself expressly dismissed "the plaintiffs' complaint" after the federal defendants had filed their own _____ motion to dismiss shortly before the district court entered its opinion and final judgment. We are satisfied, therefore, that plaintiffs' belated Rule 54(b) contention in no sense warrants an inference that plaintiffs were misled or the judgment was not final. Consequently, the requirements of Rule 54(b) are not implicated. -7- 7 1993) (quoting Browder v. Director, Dep't of Corrections, 434 _______ ______________________________ U.S. 257, 264 (1978)). In the present case, plaintiffs' notice of appeal was filed more than 100 days after entry of the judgment dismissing the complaint. But, under Fed. R. App. P. 4(a)(4), a timely motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) tolls the time for filing a notice of appeal, and the time for filing the notice starts to run from the entry of the order denying said motion. See ___ United States v. 789 Cases of Latex Surgeon Gloves, 13 F.3d _____________ __________________________________ 12, 14 (1st Cir. 1993); Fed. R. App. P. 4(a)(4). Under Rule 59(e), "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Although plaintiffs' original Rule 59(e) motion was timely filed (it was served within ten days from the entry of the judgment dismissing the complaint), their notice of appeal was not filed until sixty-four days after the entry of the order denying of the motion. Thus, even with the benefit of Rule 4(a)(4)'s tolling provision, plaintiffs' notice of appeal was seemingly late. We lack jurisdiction over late appeals. This brings us to the principal issue on appeal: Plaintiffs now argue that the judgment dismissing their complaint was not a "final decision" within the meaning of 28 U.S.C. 1291, and that their time to file a notice of appeal -8- 8 did not start to run until the denial of their second motion for reconsideration. Because the notice of appeal was filed within sixty days from the entry of the order denying the second motion, plaintiffs maintain that their notice of appeal was timely with respect to the underlying judgment. We have never ruled on this procedural dilemma. It has, however, given rise to some disagreement among those circuits that have. Three distinct views have emerged. The Seventh and Ninth Circuits have held that the dismissal of a complaint, as opposed to the dismissal of an action, is not a final, appealable order, unless the trial court has made clear in dismissing the complaint that the action could not be saved by amendment. See Benjamin v. United States, 833 ___ ________ _____________ F.2d 669, 672 (7th Cir. 1987); Ruby v. Secretary of United ____ ___________________ States Navy, 365 F.2d 385, 387 (9th Cir. 1966), cert. denied, ___________ _____ ______ 386 U.S. 1011 (1967). On the other hand, the Second and Eighth Circuits have held that, absent an express grant of leave to amend, an order dismissing the complaint is final and appealable. See Weisman v. LeLandais, 532 F.2d 308, 309 ___ _______ _________ (2d Cir. 1976); Quartana v. Utterback, 789 F.2d 1297, 1300 ________ _________ (8th Cir. 1986). Finally, the Eleventh Circuit has carved out a middle ground. It has held that such an order of dismissal is not final if "the plaintiff could not have been reasonably expected to realize that the court was entering a -9- 9 final order." Czeremcha v. International Ass'n of Mach. & _________ ________________________________ Aero. Workers, 724 F.2d 1552, 1555 (11th Cir. 1984). _____________ Before deciding which, if any, of these three approaches to adopt, we briefly explain the rationale underlying each. The Seventh and Ninth Circuits have held that the dismissal of a complaint is not final and appealable because a motion to dismiss is not a "responsive pleading" within the meaning of Fed. R. Civ. P. 15(a),4 and thus a plaintiff still retains his or her right to amend once as a matter of course under Rule 15(a) even after a motion to dismiss has been granted. See Car Carriers, Inc. v. Ford ___ ___________________ ____ Motor Co., 745 F.2d 1101, 1111 (7th Cir. 1984), cert. denied, _________ _____ ______ 470 U.S. 1054 (1985); 222 East Chestnut St. Corp. v. _______________________________ Lakefront Realty Corp., 256 F.2d 513 (9th Cir.), cert. ________________________ _____ denied, 358 U.S. 907 (1958). ______ In Elfenbein v. Gulf & Western Indus., Inc., 590 _________ _____________________________ F.2d 445, 448 n.1 (2d Cir. 1978), the Second Circuit explained that the split on this issue was based on the circuits' differing views on the right to amend a complaint ____________________ 4. Rule 15(a) provides, in relevant part: A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires. -10- 10 under Rule 15(a) once a motion to dismiss has been granted. The court stated: [W]hile the law in this circuit is that a motion to dismiss is not a responsive pleading, and therefore the complaint may be amended without leave of the court [after such a motion is made], it is equally well established that this right terminates upon the granting of the motion to dismiss. Id. (citations omitted). The Eighth Circuit, which shares ___ the Second Circuit's view that the right to amend under Rule 15(a) terminates upon dismissal, found that this distinction provided support for following the Second Circuit's rule that the dismissal of a complaint was a "final decision," but did not view the distinction dispositive.5 Ultimately, the Eighth Circuit joined the Second, reasoning as follows: Where matters of finality (and therefore of appellate jurisdiction) are concerned, we believe it preferable to adopt rules that promote clarity and certainty. The Second and Ninth Circuit rules have an advantage over that of the Eleventh Circuit in this regard because they focus solely on the language of the dismissal order, requiring an explicit contrary statement to avoid a presumption of finality (Second Circuit) or non-finality (Ninth Circuit). Comparing the Second and ____________________ 5. The court cited the Eleventh Circuit's opinion in Czeremcha, 724 F.2d at 1554-56, to illustrate this point. _________ According to the Eleventh Circuit, after a complaint is dismissed the right to amend under Rule 15(a) terminates. But the dismissal does not act as a final judgment, and the plaintiff may still move the court for leave to amend unless the "court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." Id. at 1556 n.6. ___ -11- 11 Ninth Circuit rules, that of the Second Circuit commends itself because it avoids confusion over when a plaintiff's right to amend a dismissed complaint terminates, the order becomes final, and the time for appeal begins to run. Quartana, 789 F.2d at 1300. ________ The "intermediate approach" taken by the Eleventh Circuit was grounded in that court's desire to formulate a rule consistent with "Rule 15's liberal mandate that leave to amend be `freely given when justice so requires,' without granting the plaintiff carte blanche power to reopen a case at will by filing an amendment." Czeremcha, 724 F.2d at _________ 1554-55. Under this approach, "[a]lthough the plaintiff does not have a right to amend as a matter of course after dismissal of the complaint [see supra note 5], the dismissal ___ _____ itself does not automatically terminate the action unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes dismissal of the action." Id. at 1554 (footnotes omitted). ___ We find the reasoning employed by the Eighth Circuit to be compelling, and thus adopt the approach embraced by that court and the Second Circuit. Our conclusion that the order in this case is final is strengthened by several factors. First, consistent with the Second and Eighth Circuits, a plaintiff's time to amend his or her complaint as a matter of right within the First Circuit terminates upon a district court's dismissal of the -12- 12 complaint. See Jackson v. Salon, 614 F.2d 15, 17 (1st Cir. ___ _______ _____ 1980). Second, the dismissal of the complaint in the present case was set forth in a separate document, as required for final judgments under Fed. R. Civ. P. 58. See Quartana, 789 ___ ________ F.2d at 1300 n.2. Third, plaintiffs, as evidenced by their Rule 59(e) motions, apparently understood the judgment to be final. See id.6 And finally, the dismissal of the ___ ___ complaint fits comfortably under the Supreme Court's definition of a "final decision." The Court has defined a "final decision" as one that "`ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Firestone Tire & Rubber Co. v. Risjord, 449 U.S. ___________________________ _______ 368, 373-74 (1981) (quoting Catlin v. United States, 324 U.S. ______ _____________ 229, 233 (1945)). A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a decision on the merits. See Local No. 714 v. Greater Portland Transit Dist., 589 F.2d ___ _____________ ______________________________ 1, 6 (1st Cir. 1978); see also 5 James W. Moore et al., ___ ____ Moore's Federal Practice 41.14 at 41-170 (2d ed. 1993). _________________________ Here the complaint was dismissed by the district court for failure to state a claim, and judgment was then entered on the docket and set forth on a separate document in accordance with Fed. R. Civ. P. 58 and 79(a). Accordingly, the ____________________ 6. Thus, it appears that plaintiffs have constructed their present argument after the fact in an attempt to preserve appellate review of the dismissal of their complaint. -13- 13 dismissal of plaintiffs' complaint possesses all of the markings of a "final decision." In short, we hold that when a district court uses the words, "The complaint is dismissed," without expressly granting the plaintiff leave to amend, this is a "final decision" from which a timely appeal may be taken. Because there was not a timely appeal taken by plaintiffs we lack appellate jurisdiction over their attack on the dismissal of the complaint. Plaintiffs also argue that the second motion to reconsider, which was served within 10 days of the denial of the first motion, extended the time period for filing a notice of appeal from the dismissal of the complaint, thereby rendering the notice timely. This argument has no merit. It is well settled that a motion for reconsideration served more than ten days after the entry of judgment does not effect the time for appealing from that judgment. See Feinstein v. ___ _________ Moses, 951 F.2d 16, 18 (1st Cir. 1991); Fed. R. App. P. _____ 4(a)(4); see also 6A Moore, supra 59.13[3] at 59-282 ("A ___ ____ _____ [second] motion for reconsideration that is served more than ten days after the entry of judgment has no effect upon appeal time, which runs from the entry of the original order denying . . . an alteration or amendment of the judgment."). Because plaintiffs' second motion for reconsideration was served two months after entry of the judgment dismissing the -14- 14 complaint, it was untimely under Rule 59(e), and did not toll the appeal period for that judgment. See Jusino v. Zayas, ___ ______ _____ 875 F.2d 986, 989 (1st Cir. 1989).7 B. Postjudgment Motions for Reconsideration B. Postjudgment Motions for Reconsideration ________________________________________ Where, as here, a complaint is dismissed without leave to amend, the plaintiff can appeal the judgment, or alternatively, seek leave to amend under Rule 15(a) after having the judgment reopened under either Rule 59 or 60. Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a). See Public Citizen v. Liggett Group, Inc., 858 ___ ______________ ____________________ F.2d 775, 781 (1st Cir. 1988), cert. denied, 488 U.S. 1030 _____ ______ (1989); see also 3 Moore supra 15.10 at 15-107 ("[A]fter a ___ ____ _____ judgment of dismissal plaintiff must move under Rules 59(e) or 60(b) to reopen the judgment."); 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 1489 at _______________________________ 692-93 (1990) ("[O]nce judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."). On February 1, 1993, within ten days of the entry of judgment, plaintiffs served a motion for reconsideration and/or to alter or amend the judgment pursuant to Rule 59(e), ____________________ 7. In addition, plaintiffs appeal from the district court's decision to stay discovery pending the resolution of the state defendants' motion to dismiss or for summary judgment. As a result of the foregoing discussion, we lack jurisdiction over this appeal. -15- 15 together with a motion to amend the complaint accompanied by a proposed amended complaint.8 On February 12, plaintiffs filed a document entitled "Supplemental Arguments to our Motion for Reconsideration." These supplemental arguments were an expansion of several arguments made by plaintiffs in the Rule 59(e) motion. On February 26, federal defendants filed a response to plaintiffs' supplemental arguments. Finally, on March 3, the district court denied plaintiffs' motion for reconsideration, effectively denying their motion for leave to amend the complaint. The court declined to address plaintiffs' supplemental arguments, indicating that they were "moot."9 On March 15, 1993, plaintiffs filed a second motion for reconsideration under Rule 59(e). We note that plaintiffs' second motion for reconsideration did not specifically invoke Rule 59(e), or for that matter, any federal rule. Nonetheless, we have consistently held that "`a motion which ask[s] the court to modify its earlier disposition of the case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e).'" Feinstein, 951 F.2d at 19 n.3 (quoting Lopez v. Corporacion _________ _____ ___________ ____________________ 8. The motion also cites Rule 60(b)(6) but identifies no "extraordinary circumstances" that might bring this provision into play. Vargas v. Gonzalez, 975 F.2d 916, 917-18 n.1 (1st ______ ________ Cir. 1992). 9. Plaintiffs do not appeal from the court's order declining to address the supplemental arguments. -16- 16 Azucarera de Puerto Rico, 938 F.2d 1510, 1513 (1st Cir. __________________________ 1991)); 789 Cases of Latex Surgeon Gloves, 13 F.3d at 14 ___________________________________ ("[A] post judgment motion asking the court to change its disposition solely because of legal error must be brought ______ under Rule 59(e)." (emphasis in original)). Where, as here, the motion sought to set aside the court's prior rulings solely on the basis of alleged legal errors, it is properly treated as a motion brought under Rule 59(e). On April 21, the district court denied the second motion to reconsider and warned plaintiffs that it would no longer entertain motions for postjudgment relief. Plaintiffs appeal from the district court's orders denying both postjudgment motions. We have consistently held that an order denying a Rule 59(e) motion challenging the judgment constitutes a "judgment," and is therefore appealable separately from the appeal of the underlying judgment. Kersey v. Dennison Mfg. Co., 3 F.3d 482, 485 n.6 (1st Cir. ______ __________________ 1993); Fiore v. Washington Cty. Com. Mental Health Ctr., 960 _____ _______________________________________ F.2d 229, 233 (1st Cir. 1992). In this case, plaintiffs' original Rule 59(e) motion was timely, i.e., it was served within ten days of the ____ judgment, excluding intermediate weekends and holidays, as required by Fed. R. Civ. P. 6(a). But plaintiffs' notice of appeal was not filed until sixty-four days after the denial of this motion, and therefore the notice was untimely. See ___ -17- 17 supra page 7. Plaintiffs argue, however, that their second _____ Rule 59(e) motion (served within ten days of the denial of the original Rule 59(e) motion) extended the time period within which to file a notice of appeal from the order denying the original motion. Id.10 Because the notice of ___ appeal was filed within sixty days from the entry of the order denying the second motion, plaintiffs conclude that the notice was timely with respect to both postjudgment motions. We disagree. Although it was entitled "Motion for Reconsideration of the Last Decision Issued and Entered by the Honorable Court," plaintiffs' second Rule 59(e) motion was an obvious attempt to have the district court revisit the legal basis for its January 15, 1993 opinion and order dismissing the complaint. In their second motion to reconsider, plaintiffs merely elaborated on various legal arguments that were addressed, albeit in less detail, in their original Rule 59(e) motion. Thus, plaintiffs not only requested the same relief in the second Rule 59(e) motion as they did in the first, including, inter alia, that (1) "[t]he _____ ____ judgment dismissing the complaint be set aside," and (2) "[d]iscovery proceedings be allowed to continue," they sought ____________________ 10. We have already determined that plaintiffs' second Rule 59(e) motion did not extend the time for filing a notice of appeal from the dismissal of the complaint. See supra p. 13- ___ _____ 14. -18- 18 that relief on the same grounds. Accordingly, plaintiffs' second Rule 59(e) motion must be viewed as a motion to reconsider the judgment dismissing the complaint. See ___ Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 26 (1st ___________________ _______________ Cir. 1988) ("`nomenclature should not be exalted over substance'" (quoting Lyell Theatre Corp. v. Loews Corp., 682 ____________________ ___________ F.2d 37, 41 (2d Cir. 1982))). Because plaintiffs' second Rule 59(e) motion to reconsider was, in reality, a motion to reconsider the judgment dismissing the complaint, and it was untimely (not served within 10 days of entry of the judgment), the district court was without jurisdiction to grant it. Vargas, 975 F.2d ______ at 918; Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 ________________ ___________________________ F.2d 1, 2-3 (1st Cir. 1989). Furthermore, the untimely second motion to reconsider could not enlarge the time for filing a notice of appeal from the order denying the original motion to reconsider. See Feinstein, 951 F.2d at 18; Fed. R. ___ _________ App. P. 4(a)(4). Therefore, to the extent that plaintiff challenges the March 3, 1993 order denying the original Rule 59(e) motion, the appeal is dismissed for lack of appellate jurisdiction. To the extent that they seek to challenge the April 19, 1993 order denying the second Rule 59(e) motion, the order is affirmed. The judgment of the district court is Affirmed. Affirmed ________ -19- 19